FILED
U.S. DISTRICT COURT
                  DIV.
2011 FEB -4 PM 1: 15
CLERK R. Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

  Plaintiff,

v.           CIVIL ACTION NO.: CV210-188

WADE JONES; GREG RAINEY, JR.;
and Mrs. MEDOWELL,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Calhoun State Prison in Morgan, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff claims he was in a physical altercation with an inmate at the Jeff Davis County Detention Center when Defendants Jones and Rainey picked Plaintiff up off the ground and threw him face first onto the floor. Plaintiff claims Defendants Jones and Rainey, "were inflicting massive amounts of pain to various parts of his body by twisting and bending [his] arms, hands, fingers, and wrist in positions they were not created to move," and crushing Plaintiff with their knees. (Doc. No 1, p. 6). Plaintiff states Defendant Medowell (sic) told Defendants Jones and Rainey to stop hurting Plaintiff.

For some reason the Clerk's office has listed Mrs. Medowell (sic) as a defendant in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has made no factual allegations indicating that Defendant Medowell (sic) violated his constitutional rights. In

fact, it appears from Plaintiff's complaint that he believes Defendant Medowell (sic) was attempting to intervene on Plaintiff's behalf when he was allegedly subject to excessive force by Defendants Jones and Rainey.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that any claims against Mrs. Medowell (sic) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE