FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 NOV 28 AM 9:40
CLERK R. Ask
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

WADE JONES and
GREG RAINEY, JR.,

    Defendants.

CIVIL ACTION NO.: CV210-188

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants Wade Jones ("Jones") and Greg Rainey, Jr. ("Rainey") (collectively "Defendants") filed a Motion for Summary Judgment. Plaintiff filed a Response, and Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff was involved in a physical altercation with another inmate, Brandon Mims ("Mims"), wherein, Plaintiff attempted to strike Mims with his fist. (Doc. No. 51-4, Pl.'s Dep., p. 56). Jones, who had seen Plaintiff attempt to strike Mims, grabbed Plaintiff from behind and forced Plaintiff to the ground. (Doc. No. 51-4, Pl.'s Dep., p. 60). Plaintiff admits that he probably reacted to and swung at Jones. (Doc. No. 51-4, Pl.'s Dep., p. 62). Plaintiff alleges that once he was on the ground Jones and Rainey twisted and bent his arms, hands, fingers, and wrists resulting in pain. (Doc. No. 1, p. 5).

Plaintiff further alleges that Jones and Rainey applied their knees to the back of his neck and his spine. Id. Plaintiff states that roughly 45 seconds passed between when he was forced to the ground and when handcuffs were placed on him. (Doc. No. 51-4, Pl.'s Dep., p. 65). Plaintiff alleges that he was further injured when, after applying handcuffs to Plaintiff, Jones and Rainey picked up Plaintiff from the floor by grabbing his arms and carried him down the hall causing Plaintiff's weight to pull against his handcuffed wrists. (Doc. No. 1, p. 6). Plaintiff asserts that he suffers from irreparable damage as a result of the incident. (Doc. No. 1, p. 7).

Defendants contend that they did not use excessive force when restraining Plaintiff. Defendants also contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).

2

Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in

good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Defendants contend that Plaintiff cannot prove the subjective component of his excessive force claim; they contend that there is no genuine dispute as to any material fact regarding whether they acted with a malicious and sadistic purpose to inflict harm. Additionally, Defendants assert that there is "a complete dearth of evidence suggesting anything other than the plaintiff sustained, at most, a de minimis injury." (Doc. No. 51-1, p. 13).

In support of their Motion, Defendants submitted the deposition of Plaintiff, which they used to derive a statement of uncontested material facts. It is undisputed that the contact between Plaintiff and Defendants was a result of Defendants' attempt to restrain Plaintiff during Plaintiff's altercation with Mims. (Doc. No. 51-4, Pl.'s Dep., pp. 56–62). It is also undisputed that the initial contact between Plaintiff and Defendants lasted no more than 45 seconds. (Doc. No. 51-4, Pl.'s Dep., p. 65). It is undisputed that the distance Defendants carried Plaintiff down the hall was about 20 yards. (Doc. No. 51-4, Pl.'s Dep., p. 68). It is further undisputed that Defendants never punched or kicked Plaintiff at any point during the incident. (Doc. No. 51-4, Pl.'s Dep., p. 66). Finally, it is

AO 72A
(Rev. 8/82)

undisputed that four days after the incident, Plaintiff refused medical treatment telling the nurse that he "was all right." (Doc. No. 51-4, pp. 39–42; Doc. No. 56-3, pp. 12, 30). The uncontested material facts support Defendants' assertions that they did not use an excessive amount of force against Plaintiff and that Plaintiff suffered no more than a de minimis injury as a result of the force Defendants did use.

In response, Plaintiff submitted copies of numerous Toombs County Detention Center Medical Request Forms on which Plaintiff sought medical attention for pain in his wrists. (Doc. No. 56-1, pp. 5–12). Plaintiff also submitted medical records regarding his treatment for pain in his wrists. (Doc. No. 56-1, pp. 14–16). Even if Plaintiff's evidence creates a genuine dispute as to whether Plaintiff suffered more than a de minimis injury, Plaintiff has not presented evidence that creates a genuine dispute as to any material fact regarding whether Defendants acted with a malicious and sadistic purpose to inflict harm.

It is unnecessary to address the remaining portion of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE