# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ERIC MITCHELL BLANTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 210-188 |
| | * | |
| WADE JONES and | * | |
| GREG RAINEY, JR., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**ORDER**

Plaintiff filed objections to the Magistrate Judge's report dated November 28, 2011, which recommended that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed. In his Objections, Plaintiff argues that Defendants used excessive force against him and that he faced retaliation. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

**DISCUSSION**

1. Excessive Force

After reviewing the record, it is clear that the Defendants have committed no constitutional violation and, are therefore,

1

AO 72A
(Rev. 8/82)

entitled to qualified immunity.[1] Qualified immunity protects government officials performing discretionary functions so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Sharp v. Fisher, 532 F.3d 1180, 1183 (11th Cir. 2008). Ordinarily, to overcome Defendants' privilege of qualified immunity, Plaintiff would have to show "(1) that the officer violated [his] federal constitutional or statutory rights, and (2) that those rights were clearly established at the time the officer acted." Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008). However, "[f]or claims of excessive force in violation of the Eighth or Fourteenth Amendments . . . a plaintiff can overcome a defense of qualified immunity by showing only the first prong, that his Eighth or Fourteenth Amendment rights have been violated." Fennell v. Gilstrap, 559 F.3d 1212, 1216-17 (11th Cir. 2009) (citing Johnson v. Breeden, 280 F.3d 1308, 1321-22 (11th Cir. 2002)).

It is undisputed that the contact between the Plaintiff and the Defendants was a result of Defendants' attempt to restrain Plaintiff during Plaintiff's physical altercation with another inmate, Brandon Mims. Dkt. No. 51-4, Pl's Dep., pp. 56-62. Plaintiff fully admits that he probably tried to take a swing at Defendant Jones as Jones attempted to restrain him. Id. at 62.

---

[1] For a complete account of the factual background see the Magistrate Judge's Report and Recommendation. Dkt. No. 61.

2

This initial contact between the Defendants and Plaintiff lasted no more than forty-five (45) seconds. Id. at 65. After Plaintiff was restrained, the Defendants carried Plaintiff by his arms twenty (20) yards down the hallway. Id. at 68. At no point in time did either of the Defendants kick or punch the Plaintiff. Id. at 66.

Under the facts of this case, the Plaintiff is unable to show that Defendants use of force violated his federal constitutional or statutory rights. To establish a claim for excessive force, "the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Even if the evidence submitted by Plaintiff created a genuine issue as to whether Plaintiff suffered more than a de minimis injury, Plaintiff has not submitted evidence to show that the Defendants acted with a malicious and sadistic purpose to inflict harm.

Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). The five factors relevant to ascertaining whether force was used "maliciously and

AO 72A
(Rev. 8/82)

sadistically" for the purpose of causing harm include (1) the extent of the injury, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An application of the pertinent factors indicate that the force used by the Defendants was not excessive.

First, the extent of the injury was minimal. The medical staff attempted to treat Plaintiff four days after the incident, when the Plaintiff completed a sick call request. Dkt. No. 51-4, Pl.'s Dep., pp. 42-43. When the nurse visited the Plaintiff, he refused treatment telling the nurse he "was all right." Id. Plaintiff claims that he suffered further injuries to his wrist and that he visited a doctor eight months after the incident. Id. at p. 73. However, no records have been produced relating to this treatment, nor is it clear what Plaintiff claims was wrong with his wrist.

Second, the application of force in this case was necessary. The record demonstrates that the contact between the Plaintiff and the Defendants was a result of Defendants' attempt to restrain Plaintiff during Plaintiff's physical altercation

4

with another inmate, Brandon Mims. Dkt. No. 51-4, Pl.'s Dep., pp. 56-62. Additionally, Plaintiff admits that he probably swung at one of the Defendants as he attempted to separate the two inmates. Dkt. No. 51-4, Pl.'s Dep., p. 62. In the Eleventh Circuit "[p]rison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)). Furthermore, we must also give a "wide range of deference to prison officials acting to preserve discipline and security." Id. Here, the decision to use force to end a physical altercation between inmates falls within the deference provided to officials in the Defendants' position.

Third, the relationship between the need and amount of force was reasonable. Not only did the Plaintiff attempt to strike his cellmate, he also admits to attempting to strike Defendant Jones. Dkt. No. 51-4, Pl.'s Dep., p. 62. Coupled with Plaintiff's intoxication at the time, it is clear that the force utilized by the Defendants was not excessive. This finding is bolstered when compared to other instances where the Eleventh Circuit has found greater force was permissible under similar circumstances. For example, in McBride v. Rivers, 170 F. App'x 648, 656-57 (11th Cir. 2006), the Eleventh Circuit held excessive force was not used where officers had repeatedly

5

punched a prisoner in the back of his head, on his back, and on his left side, and had kneed the prisoner in his back four or six times. This force was allegedly perpetrated after two inmates involved in an altercation were separated, and the inmate was handcuffed. Id. at 656. The court found that "although the defendants in the instant case arguably could have used less force after restraining McBride, McBride failed to produce evidence showing that these measures were taken 'maliciously and sadistically for the very purpose of causing harm.'" Id. at 657.

In the case *sub judice*, the force alleged was taking the Plaintiff to the ground, bending his arms, hands, fingers, and wrists while applying handcuffs, placing knees into Plaintiff's back and spine, and then carrying the Plaintiff by his arms down the hallway. Dkt. No. 1, pp. 1-2; Dkt. No. 51-4, Pl.'s Dep., pp. 60-65. Further, it is undisputed here that the Defendants never punched or kicked the Plaintiff at any point. Dkt. No. 51-4, Pl.'s Dep., p. 66. The Defendants in the instant case used far less force under similar circumstances than the Defendants in McBride. Accordingly, it cannot be said that the amount of force was unreasonable.

Finally, the threat of harm to staff and inmates clearly existed. Here, Plaintiff's actions threatened other inmates and staff. This is evident, as Plaintiff attempted to physically

6

strike both another inmate as well as a staff member. Dkt. No. 51-4, Pl.'s Dep., pp. 56-62. As a result, this factor weighs in favor of the Defendants' decision to use force to restrain the Plaintiff.

In sum, all factors militate in favor of finding that the Defendants did not act with a malicious and sadistic purpose. Rather, the evidence indicates that the force used by the Defendants was part of a good faith effort to restore order. As a result, Plaintiff has not offered sufficient evidence to create a genuine issue as to whether Defendants acted with a malicious and sadistic purpose. Accordingly, no constitutional violation has been shown, and Defendants are entitled to qualified immunity.

2. Retaliation

In his Objections, Plaintiff asserts that he has been retaliated against. However, Plaintiff did not state a retaliation claim in his Complaint. Further, it is not entirely clear from Plaintiff's argument who he alleges retaliated against him.[2] To the extent Plaintiff attempts to use his Objections to the Magistrate Judge's Report and Recommendation to raise new claims and potentially bring in new defendants,

---

[2] In Plaintiff's Objection to the Magistrate Judge's Report and Recommendation he states: "Plaintiff further shows his Constitutional Rights were violated further as plaintiff was denied medical treatment and immediately transferred to Toombs County Detention Center without cause other than a form of punishment against plaintiff." Dkt. No. 63.

7

such an attempt is improper. See Thomas v. Kemp, 2010 WL 4860614, *1 n.1 (S.D. Ga. Nov. 23, 2010) (noting that "Objections to a Report and Recommendation are not the proper vehicle in which to attempt to raise additional claims against new Defendants"). Plaintiff also alluded to this allegation in his response to Defendants' Motion for Summary Judgment. However, during the summary judgment stage, the proper procedure for the plaintiff to assert a new claim is to amend their complaint. Here, Plaintiff did not follow this procedure. Plaintiff may not amend his Complaint through argument in a brief opposing summary judgment. Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004); see also Fed. R. Civ. P. 15. In sum, Plaintiff's attempt to raise a retaliation claim at this stage is improper. However, even if the Court were to entertain this argument, Plaintiff has simply offered no factual basis in support of this claim.

3. Motion to Compel

Plaintiff argued in his response to Defendants' Motion for Summary Judgment that summary judgment should not be granted because Defendants have not answered his discovery requests. Dkt. No. 56, p. 7. Plaintiff now asserts, more specifically, that there is video evidence to support his excessive force claim contained on Jeff Davis County Detention center security cameras. Dkt. No. 63, p. 5. Plaintiff states that he has not

8

obtained this evidence because Defendants have failed to comply with his discovery requests. Id. Exhibit C to Plaintiff's response to Defendants' Motion for Summary Judgment contains: (1) Plaintiff's interrogatories to Defendant Jones, as well as some requests for production, (2) Defendant Jones's responses to Plaintiff's interrogatories, (3) Plaintiff's responses to Defendant Jones's responses to Plaintiff's interrogatories,[3] (4) Plaintiff's interrogatories to Defendant Rainey, (5) Defendant Rainey's response to Plaintiff's interrogatories, (6) Plaintiff's request for production of documents to Defendant Rainey, (7) Defendants' response to Plaintiff's request for production of documents, and (8) Plaintiff's objection to Defendants' response to Plaintiff's request for production of documents. Dkt. No. 56-3.

Plaintiff's objection to Defendants' response to Plaintiff's request for production of documents can be construed as a motion to compel video tapes of the incident. However, such a motion would have been denied, because a party must produce, when requested, items in the party's "possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Here, the Defendants stated that they are not in possession of any of the materials requested in Plaintiff's request for production of

---

[3] Plaintiff argued that Defendant Jones's responses were inadequate due to omission of some medical records, but makes no mention of a video tape of the incident.

9

documents. Dkt. No. 56-3, p. 36. Rather, Defendants stated that their employer would be contacted in an effort to obtain the materials the Plaintiff requested, indicating that they also did not have custody or control of the materials. Id. Therefore, it is clear that Defendants were not in "possession, custody, or control" of the video evidence that Plaintiff seeks. As a result, had Plaintiff's objection to Defendants' response to Plaintiff's request for production of documents been construed as a motion to compel, it would have been denied.

**CONCLUSION**

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and **overruled.** The Report and Recommendation of the Magistrate Judge, as supplemented by this Order, is adopted as the Opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12th day of March, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA